Anthony P. Savarese, S.
In this probate proceeding petitioner seeks a construction as to the validity and effect of certain provisions of the will of Sara C. Devitt.
By article third of the will testatrix made a bequest of her diamond wrist watch to her sister. She later revoked the bequest by the terms of a codicil and made no further disposition of the watch. Under these circumstances, the diamond watch passes under the residuary article of the will, article twenty-seventh, to Father Flanagan’s Boys Home and the Servants of Belief for Incurable Cancer in equal shares.
By article twenty-sixth, after providing for perpetual care of the family cemetery plot, the executors are directed not to permit any change in the headstone now erected thereon. It appears that in the center of the plot there is a monument with the name “ Devitt ” inscribed upon it, together with five graves having individual markers. Accordingly, article twenty-sixth is construed to mean that the executors are not to inscribe the given name of the testatrix on the monument but instead are to erect a separate marker on decedent’s grave.
By article thirteenth, a bequest was made as follows: “ Thirteenth, I give and bequeath to Bev. Daniel B. Burns, Pastor of St. Joseph’s Church, 164 Broadway, Fort Edward, New York, individually, the sum of Five Thousand ($5,000.00) Dollars. I request that such money be used by him for whatever purpose he shall deem proper.”
A question has arisen whether there is an implied condition that Bev. Burns remain the pastor of the church in order to receive the bequest, or whether the phrase is intended as one of identification only. The law in New York is clear that such a clause can only be construed as an unconditional gift to the named individual, Bev. Burns. (See Matter of Simpson, 155 Misc. 866.) Since the decision herein is determinative of the payment of the afore-mentioned legacy, no interest is due.
Submit decree construing the will accordingly, on notice.